IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HUNTAIR, INC., and CLPK, INC.,

          Plaintiffs,

v.

SETH GLADSTONE, et al.,

          Defendants.

NO. C10-3450 TEH

ORDER RE: DISCOVERY DISPUTE

This matter comes before the Court on a discovery dispute between Plaintiffs and Defendant Moser. Upon review of the parties' written submissions, the Court finds no need for a telephonic status conference and now VACATES the conference scheduled for tomorrow at 11:30 AM.

Moser does not contest that Plaintiffs are entitled to the documents requested in their February 18, 2011 letter to the Court. Instead, Moser insists that discovery should not be resolved in a piecemeal fashion. However, this Court has routinely allowed – and, indeed, encouraged – informal discovery prior to early settlement efforts to ensure that meaningful settlement discussions can occur while, at the same time, minimizing costs. Accordingly, IT IS HEREBY ORDERED that Moser shall produce the twelve quotes and purchase orders requested by Plaintiffs. Given the proximity of the settlement conference and the small scale of production, these documents shall be produced no later than **February 23, 2011, at 2:00 PM (Pacific time).** This should give Moser sufficient time to assemble the documents and Plaintiffs sufficient time to determine the import of the documents prior to the February 24 settlement conference.

The parties shall meet and confer concerning Moser's confidentiality concerns about the above documents. Based on the correspondence reviewed by the Court, it appears that reasonable parties should be able to reach a quick resolution of those issues.

1    If this case does not settle, the parties shall engage in a formal meet and confer
2 process regarding necessary further discovery.  The parties are forewarned that this Court
3 believes that reasonable parties acting in good faith should be able to resolve nearly all, if not
4 all, discovery disputes through meeting and conferring.  As another judge in this district long
5 ago explained:

> The discovery system depends absolutely on good faith and common sense from counsel.  The courts, sorely pressed by demands to try cases promptly and to rule thoughtfully on potentially case dispositive motions, simply do not have the resources to police closely the operation of the discovery process.  The whole system of Civil adjudication would be ground to a virtual halt if the courts were forced to intervene in even a modest percentage of discovery transactions.  That fact should impose on counsel an acute sense of responsibility about how they handle discovery matters.  They should strive to be cooperative, practical and sensible, and should turn to the courts (or take positions that force others to turn to the courts) only in extraordinary situations that implicate truly significant interests.

*In re Convergent Tech. Sec. Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985).  If this Court finds that the parties appear incapable of resolving their discovery disputes in an expeditious and orderly manner without outside intervention, the Court may appoint a discovery master in this case who shall, in his or discretion, allocate his or her fees among the parties.

**IT IS SO ORDERED.**

Dated:  02/22/11

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT